1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION,
11
                   Plaintiff,                    No. 2:12-cv-01603 MCE KJN PS
12
            v.
13
     DOLORES M. UNDERWOOD, and
14   individual, and DOES 1 through 10,
     inclusive,
15
                   Defendants.                   ORDER and FINDINGS AND
16                                               RECOMMENDATIONS
     _____/
17

18          Presently before the court is plaintiff's motion to remand this unlawful detainer

19   action to the Superior Court of California for the County of Sacramento ("Superior Court") (Dkt.

20   Nos. 7).[1]  No written opposition or other response to plaintiff's motion to remand was filed.

21   Because oral argument would not materially aid the resolution of the pending motion, this matter

22   is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local

23   Rule 230(g).  Having reviewed the moving papers and record in this case, the undersigned

24   recommends that plaintiff's motion to remand be granted and that this case be remanded to the

25   _____

26          [1]  This matter proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  Superior Court on the grounds that this court lacks federal subject matter jurisdiction over

2  plaintiff's unlawful detainer claim.

3  I.      BACKGROUND[2]

4          On March 5, 2012, plaintiff initiated a limited civil case[3] in the Superior Court by

5  filing a Verified Complaint for Unlawful Detainer, which notes in the caption that the amount

6  demanded is "Up To $10,000" ("Complaint").  (Compl. at 1, attached as Ex. A to Notice of

7  Removal.)  Plaintiff seeks to recover possession of the subject residential property located in

8  Sacramento, California.  (Compl. ¶¶ 1, 8, and prayer for relief.)

9          In regards to the named defendant, defendant Dolores M. Underwood has not

10  appeared in this case.  It appears that Dolores M. Underwood is deceased and that Mark F.

11  Underwood, who removed this case to federal court, claims to be a successor owner and

12  successor defendant to Ms. Underwood.  (See, e.g., Memo. of P. & A. In Supp. of Demurrer at 1

13  ("The subject property was owned by Mark F. Underwood."); Notice of Removal at 1 (Mark F.

14  Underwood refers to himself as "defendant"); Notice of Interested Parties at 2 (referring to Mark

15  F. Underwood as "Defendant being wrongfully evicted").)  The court's docket reflects that in

16  removing this case, Mr. Underwood paid the required filing fee "[for the benefit of] Dolores M.

17  Underwood, deceased."  At a minimum, the parties appear to agree that Mr. Underwood has been

18  residing in the subject property.

19          The Complaint alleges that on or about January 3, 2012, plaintiff became the

20  owner of the subject property by purchasing it at a trustee's sale following foreclosure

21  proceedings, and that plaintiff perfected title in its own name.  (Compl. ¶¶ 7-8.)  Attached to the

22

23          [2]  In its motion to remand, plaintiff makes numerous representations about the factual and
procedural history of this case.  (Mot. to Remand at 3-4.)  The court has not relied on any of those
24  representations because they are not supported with citations to any judicially noticeable documents
or declarations.

25          [3]  A limited civil action in the California Superior Courts is one where the "whole amount
of damages claimed is twenty-five thousand dollars ($25,000) or less."  See Cal. Civ. Proc. Code
26  § 86(a)(4).

1  Notice of Removal is a Trustee's Deed Upon Sale recorded with the Sacramento County

2  Recorder's office on January 18, 2012, which reflects the conveyance of the property to plaintiff.

3  Plaintiff alleges that on or about February 24, 2012, it served defendant, by mail

4  and posting at the property, with a notice to vacate the premises and deliver possession of the

5  property within three days.[4]  (Compl. ¶ 10; see also Notice to Occupant to Vacate Premises, Feb.

6  22, 2012, attached to Notice of Removal.)  Plaintiff alleges that defendant, in effect Mr.

7  Underwood, failed to timely vacate and deliver possession of the property and continues to

8  possess and occupy the property.  (See Compl. ¶¶ 9, 11.)  Through this action, plaintiff seeks:

9  (1) immediate delivery of the premises, and (2) costs of suit.  (Id. at 3.)

10  Mark Underwood claims to have demurred to the Complaint in the Superior

11  Court, although none of the demurrer-related documents are file-stamped or dated.  (See Notice

12  of Removal ¶¶ 1, 8; see also id., Ex. B.)  Mr. Underwood's demurrer was "based on a defective

13  notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting

14  Tenants at Foreclosure Act [12 U.S.C. §5220]."  (Notice of Removal ¶ 8; accord id. ¶ 1; see also

15  Notice of Demurrer & Demurrer at 3.)  The Notice of Removal alleges that the Superior Court

16  overruled the demurrer.  (Notice of Removal ¶ 9.)  Mr. Underwood appears to have ultimately

17  filed an answer to the Complaint, although the copy of the answer attached to the Notice of

18  Removal is not dated or file-stamped.

19  On June 14, 2012, Mark Underwood removed this unlawful detainer action to

20  federal court pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter

21  jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.[5]  (Notice of Removal ¶¶ 6, 10.)

22  He asserts that "[f]ederal question jurisdiction exists because Defendants' [sic] demurrer, a

23

24  [4]  Mr. Underwood's demurrer to plaintiff's Complaint represents that the notice to quit "was served on Defendant Mark F. Underwood."  (Notice of Demurrer & Demurrer at 3.)

25  [5]  The Notice of Removal does not assert that this court can exercise subject matter
26  jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

1   pleading depend [*sic*] on the determination of Defendants' [*sic*] rights and Plaintiff's duties under

2   federal law." (<u>Id.</u> ¶ 10.)  The implication of Mr. Underwood's statement appears to be that he

3   believes this case was removable on the basis of a defense to the unlawful detainer action

4   premised on the adequacy of the notice to quit under the Protecting Tenants at Foreclosure Act of

5   2009.

6          On June 25, 2012, plaintiff filed a motion to remand, and on June 27, 2012, filed a

7   re-noticed motion that is before the court.  Plaintiff argues that this court lacks subject matter

8   jurisdiction over its single unlawful detainer claim and that Mark Underwood's removal was

9   untimely.[6]

10  II.    LEGAL STANDARDS

11         In relevant part, the federal removal statute provides:

12         (a) Except as otherwise expressly provided by Act of Congress, any civil
           action brought in a State court of which the district courts of the United
13         States have original jurisdiction, may be removed by the defendant or the
           defendants, to the district court of the United States for the district and
14         division embracing the place where such action is pending.

15  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

16  <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009), <u>cert.</u>

17  <u>denied</u>, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

18  jurisdiction," <u>id.</u>, and removal jurisdiction "must be rejected if there is any doubt as to the right

19  of removal in the first instance" <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102,

20  1106 (9th Cir. 2010) (citation and quotation marks omitted).

21         Additionally, a federal court has an independent duty to assess whether federal

22  subject matter jurisdiction exists, whether or not the parties raise the issue.  <u>See</u> <u>United Investors</u>

23  <u>Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

24  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

25

26         [6]  In light of the conclusion set forth below that the court lacks subject matter jurisdiction,
      the undersigned declines to address plaintiff's argument that the removal was untimely.

                                                    4

1  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

2  342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

3  district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms

4  Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

5  (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

6  1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

7  district court lacks subject matter jurisdiction, the case shall be remanded.").

8  III.    DISCUSSION

9           Mark Underwood's Notice of Removal asserts that removal was proper on the

10  basis of the court's federal question jurisdiction.  (See Notice of Removal ¶¶ 6, 10.)  For the

11  reasons that follow, the undersigned concludes that the removal was defective because this court

12  lacks subject matter jurisdiction over plaintiff's claim.

13           District courts have federal question jurisdiction over "all civil actions that arise

14  under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

15  under' federal law either where federal law creates the cause of action or 'where the vindication

16  of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

17  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

18  (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

19  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

20  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

21  the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091; see

22  also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the

23  existence of federal question jurisdiction is determined from the face of the complaint.").  "In

24  determining the existence of removal jurisdiction, based upon a federal question, the court must

25  look to the complaint as of the time the removal petition was filed.  Jurisdiction is based on the

26  complaint as originally filed . . . ."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th

1  Cir. 2002) (citation and quotation marks omitted).

2          Here, plaintiff filed its Complaint in the Superior Court asserting a single claim

3  for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer

4  does not by itself present a federal question or necessarily turn on the construction of federal law,

5  no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.

6  Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12,

7  2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does

8  not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV

9  S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)

10 (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL

11 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-

12 CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

13         Despite the fact that Mr. Underwood failed to oppose plaintiff's motion to

14 remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court

15 has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate

16 the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No.

17 111-22, § 702, 123 Stat. 1660 (2009) (the "Act").  (See Notice of Removal ¶¶ 8-10.)  Insofar as

18 Mr. Underwood's argument is concerned, the Act provides protections to tenants who reside in

19 properties subject to foreclosure, including the requirement that a 90-day notice to vacate be

20 given to bona fide tenants.  See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010

21 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

22         As an initial matter, it does not appear that Mark Underwood was a bona fide

23 tenant who resided in a foreclosed property.  Instead, it appears, at least on the basis of Mr.

24 Underwood's representations in his demurrer, that he is a former owner of the subject property

25 who was subjected to foreclosure proceedings.  (See Memo. of P. & A. In Supp. of Demurrer at 1

26 ("The subject property was owned by Mark F. Underwood.").)  Accordingly, it is questionable

                                          6

1   whether the Act even applied to Mr. Underwood.

2         In any event, federal courts have consistently rejected attempts to premise federal

3   subject matter jurisdiction on the 90-day notice provision provided in the Act.  See, e.g.,

4   Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D.

5   Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012)

6   (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL

7   4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at

8   *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1

9   (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument

10  relying on the Act's notice provision is an attempt to premise this court's subject matter

11  jurisdiction on a defense or a counterclaim.  An anticipated defense or counterclaim cannot

12  establish a federal question because such a defense or counterclaim does not appear on the face

13  of the complaint.[7]  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal

14  question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v.

15  Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410

16  F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

17  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

18  in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that

19  unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure

20  Act of 2009 cannot serve as a basis for removal jurisdiction).

21        In short, no federal question is present on the face of plaintiff's Complaint.

22  Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

23
24        [7]  Additionally, federal district courts have concluded that the Protecting Tenants at
    Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to
25  state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS,
    2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA,
26  Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010)
    (unpublished).

1  plaintiff's single claim for unlawful detainer brought pursuant to California law.

2  IV.    CONCLUSION

3          For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion

4  to remand is submitted without a hearing, and the August 2, 2012 hearing on plaintiff's motion is

5  VACATED.

6          It is FURTHER RECOMMENDED that:

7          1.      Plaintiff's motion to remand (Dkt. No. 7) be granted and that this matter

8  be remanded to the Superior Court of California, County of Sacramento.

9          2.      This case be closed and all dates vacated.

10         These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

12  days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

14  Such a document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  Any response to the objections shall be filed with the court and served on

16  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

17  Failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

19  1153, 1156-57 (9th Cir. 1991).

20         IT IS SO ORDERED and RECOMMENDED.

21  DATED:  July 24, 2012

22

23                                          _____

24                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

25

26

8